# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CHARLES WILSON,

  Plaintiff,

 v.            No. 16-CV-00604-MCA-CG

DENISE R. GONZALES, ROBERTA
ORTEGA, CATHY CATANACH, LIA
ARCHULETA,

  Defendants.

## MEMORANDUM OPINION AND ORDER

  This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), on Plaintiff

Charles Wilson's civil rights complaint [Doc. 1], filed on June 17, 2016, and Motion for Leave

To File An Amended Complaint, filed on July 25, 2016 [Doc. 5].  Plaintiff is incarcerated,

appears pro se, and is proceeding *in forma pauperis*.  For the reasons set out below, Plaintiff's

motion to amend the complaint will be denied as moot, Plaintiff's original civil rights complaint

and amended complaint will be construed collectively as the operative pleading, and certain of

Plaintiff's claims will be dismissed.

  The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under

§ 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim

on which relief may be granted."  "Dismissal of a pro se complaint for failure to state a claim is

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th

Cir. 2007).  The burden is on the plaintiff to frame a complaint that contains "sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

Plaintiff, whose name legally was changed to his religious name of Sala-Din Abdul Shaheed Rahman, claims in his complaint [Doc. 1] that Defendants Denise R. Gonzales, Roberta Ortega, Cathy Catanach, and Lia Archuleta have refused his requests to use his religious name on his legal mail and identification, in violation of his rights under the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). Plaintiff's complaint seeks declaratory and injunctive relief, as well as compensatory and punitive damages. [Doc. 1 at 19]

On July 25, 2016, Plaintiff filed a Motion For Leave To File An Amended Complaint [Doc. 5], which seeks to add additional parties and additional claims. Specifically, Plaintiff

2

seeks to add claims under the First Amendment and RLUIPA against Defendants Jerry Roark, Summit Boyd, and Calvin Robinson for their alleged failure to provide him with halal meals, despite his sincerely held religious beliefs.  Plaintiff's proposed amended complaint [Doc. 5 at 3-28] seeks injunctive relief and punitive damages.  [Doc. 5 at 15].

Federal Rule of Civil Procedure 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  Plaintiff's complaint has not yet been served and, therefore, Plaintiff may amend his complaint as a matter of right.  Accordingly, Plaintiff's Motion For Leave To File An Amended Complaint will be denied as moot and the Clerk of the Court will be directed to file the proposed amended complaint [Doc. 5 at 3-28] on the docket as an amended complaint and to add Defendants Roark, Boyd, and Robinson to the caption as defendants.  Because it appears that Plaintiff wishes to add additional claims and defendants, rather than to supersede the existing claims and defendants, the Court will treat the original complaint and the amended complaint collectively as the operative pleading for the purpose of its review under § 1915(e).

I.    RLUIPA

RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling government interest; and . . . is the least restrictive means of furthering that compelling government interest."  42 U.S.C. § 2000cc-1(a).  Monetary damages are not available under RLUIPA—the statute "is limited to official capacity claims for equitable relief."  *Pfeil v. Lampert*, 603 F. App'x 665, 668 (10th Cir. 2015) (unpublished); *see Sossamon v. Texas*, 563 U.S. 277, 293 (2011) (holding that a suit for monetary damages against a state or its officials is

barred by the doctrine of sovereign immunity); *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012) (holding that "there is no cause of action under RLUIPA for individual-capacity claims"). Therefore, Plaintiff's RLUIPA claims against Defendants in their individual capacities, and his official-capacity claims under RLUIPA seeking monetary damages, will be dismissed for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

Plaintiff's original and amended complaints seek declaratory and/or injunctive relief under RLUIPA against the following Defendants acting in their official capacities: (1) Defendant Gonzales, hearing officer at Western New Mexico Correctional Facility (WNMCF); (2) Defendant Ortega, Warden at WNMCF; (3) Defendant Catanach, Bureau Chief of Offender Management Services, (4) Defendant Archuleta, classification officer at WNMCF; (5) Defendant Roark, Director of Adult Prisons; (6) Defendant Boyd, food administrator at WNMCF; and (7) Defendant Robinson, the Senior Chaplain. [Docs. 1, 5] Defendant was incarcerated at WNMCF at the time his original and amended complaints were filed. [*See* Docs. 1, 5] He has since been transferred, however, to Central New Mexico Correctional Facility (CNMCF). [*See* Doc. 6]

"When a prisoner files suit against prison officials who work in the institution in which he is incarcerated, seeking declaratory and injunctive relief on the basis of the alleged wrongful conduct by those officials, and then that prisoner is subsequently transferred to another prison or released from the prison system, courts are presented with a question of possible mootness." *Jordon v. Sosa*, 654 F.3d 1012, 1027 (10th Cir. 2011). "Where the prisoner's claims for declaratory or injunctive relief relate solely to the conditions of confinement at the penal institution at which the prisoner is no longer incarcerated, courts have concluded that they are unable to provide the prisoner with effective relief." *Id.* "However, where a prisoner brings a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison

system, courts have been disinclined to conclude that the prisoner's declaratory or injunctive claims are moot, even after he has been transferred to another prison in that system." *Id.* at 1028. To determine whether a transferred prisoner's claims for declaratory and injunctive relief are moot, the Court must focus on whether the prisoner has "sued defendants who were actually situated to effectuate any prospective relief that the courts might see fit to grant." *Id.*

The Court concludes that Plaintiff's RLUIPA claims against the WNMCF officials, namely, Defendants Gonzales, Ortega, Archuleta, and Boyd, are moot because these officials are not actually situated to effectuate any prospective relief that the Court might see fit to grant. *See id.* at 1027 (noting that courts routinely dismiss "penitentiary-specific conditions-of-confinement claims as moot" after the plaintiff's transfer or release). Therefore, Plaintiff's RLUIPA claims against Defendants Gonzales, Ortega, Archuleta, and Boyd will be dismissed without prejudice as moot.

## II.    First Amendment

Title 42 of the United States Code, section 1983 "provides a cause of action against state officials who violate constitutional or other federally protected rights." *Pahls v. Thomas*, 718 F. 3d 1210, 1225 (10th Cir. 2013). However, "government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* To impose § 1983 liability on a defendant-supervisor, the plaintiff must demonstrate an "affirmative link" between the supervisor and the alleged constitutional violation. *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). A plaintiff can establish an "affirmative link" by "demonstrating (1) defendant promulgated,

created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional violation." *Id.* at 1199.

Plaintiff's original complaint contends that Defendant Ortega, Warden at WNMCF, violated his First Amendment right to use his religious name on his legal mail and identification. [Doc. 1]  However, Plaintiff fails to allege that Defendant Ortega personally participated in the alleged constitutional violation or that she implemented or possessed responsibility for the continued operation of a policy that caused the alleged constitutional violation.  Instead, the complaint simply alleges that Defendant Ortega "verbally direct[ed] Plaintiff to the grievance process on 4-11-16."  [Doc. 1 at 6].  This factual allegation is insufficient to establish an affirmative link between Defendant Ortega and the alleged violation of Plaintiff's First Amendment rights and, therefore, Plaintiff's § 1983 claim against Defendant Ortega will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

The original complaint further contends that Defendant Gonzales violated Plaintiff's First Amendment right to use his religious name by denying his formal grievance.  [Doc. 1]  However, the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F. 3d 1063, 1069 (10th Cir. 2009).  Because Plaintiff's only allegation involving Defendant Gonzales "relate to the denial of his grievance[], he has not adequately alleged any factual basis to support an 'affirmative link' between [Defendant Gonzales] and any alleged constitutional violation." *Id.*  Therefore, Plaintiff's § 1983 claim against Defendant Gonzales

will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

The foregoing analysis also is dispositive of the § 1983 claims in Plaintiff's amended complaint [Doc. 5] against Defendants Roark and Robinson.  Plaintiff contends that Defendants Roark and Robinson violated his First Amendment right to a halal diet by denying his formal grievance and appeal.   Specifically, Plaintiff contends that Defendant Robinson denied his formal grievance without conducting any "reasonable research" on the requirements of a halal diet.  [Doc. 5 at 9]  Plaintiff further contends that Defendant Roark denied his appeal without "forward[ing] anything" to the Chaplain for religious review or conducting any research into the requirements of a halal diet.  [Doc. 5 at 11]  These factual allegations are insufficient to establish an "affirmative link" between Defendants Roark and Robinson and the alleged violation of Plaintiff's First Amendment rights.   Therefore, Plaintiff's § 1983 claims against Defendants Roark and Robinson will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

Plaintiff's original and amended complaints also seeks declaratory and/or injunctive relief under § 1983 against Defendant Archuleta, Classification Officer at WNMCF, and Defendant Boyd, Food Administrator at WNMCF.  [Docs. 1, 5]  As explained in part I of this Memorandum Opinion and Order, "penitentiary-specific conditions-of-confinement claims" seeking equitable relief are rendered moot by a plaintiff's transfer to a different prison facility.  *Jordan*, 654 F.3d at 1028-29.  Because Plaintiff's § 1983 claim against Defendants Archuleta and Boyd are specific to the conditions of his confinement at WNMCF, Plaintiff no longer is incarcerated at WNMCF, and Defendants Archuleta and Boyd are not in a position to effectuate prospective relief at any

institution other than WNMCF, the Court concludes that Plaintiff's § 1983 claims seeking declaratory and/or injunctive relief against Defendants Archuleta and Boyd are moot.

Lastly, Plaintiff's original and amended complaints seeks monetary damages against Defendants Archuleta, Boyd, and Catanach under § 1983, acting in their official and individual capacities, for the alleged violation of Plaintiff's First Amendment rights. [Doc. 5] However, in *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), the United States Supreme Court held that state officials, acting in their official capacity, are not "persons" under § 1983 subject to suit. *See id.* (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *cf. Hafer v. Melo*, 502 U.S. 21, 31 (1991) (holding that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983"). Therefore, Plaintiff's official-capacity § 1983 claim against Defendants Archuleta, Boyd, and Catanach for monetary damages will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii).

III.   Conclusion

The Court concludes that Plaintiff's original and amended complaints state a colorable claim for declaratory and/or injunctive relief under RLUIPA against Defendants Catanach, Roark, and Robinson, acting in their official capacities. The Court further concludes that Plaintiff's original and amended complaints state a colorable claim for monetary damages under § 1983 against Defendants Archuleta, Boyd, and Catanach, acting in their individual capacities, and for declaratory and injunctive relief against Defendant Catanach, acting in her official capacity. Therefore, the Court will direct the Clerk of the Court to mail notice and waiver of service forms, along with a copy of the original and amended complaints [Docs. 1, 5] and this Memorandum Opinion and Order, to Defendants Catanach, Roark, Robinson, Archuleta, and

Boyd. All other claims in Plaintiff's original and amended complaints [Docs. 1, 5] will be dismissed without prejudice for the reasons explained above.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave To File An Amended Complaint [Doc. 5] is DENIED as moot;

IT IS FURTHER ORDERED that the Clerk of the Court is directed to file the proposed amended complaint [Doc. 5 at 3-28] on the docket as an amended complaint and to add Defendants Roark, Boyd, and Robinson to the caption as Defendants;

IT IS FURTHER ORDERED that Plaintiff's RLUIPA claims against Defendants in their individual capacities, and his official-capacity RLUIPA claims seeking monetary damages, are DISMISSED without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii);

IT IS FURTHER ORDERED that Plaintiff's official-capacity RLUIPA claims for declaratory and/or injunctive relief against Defendants Gonzales, Ortega, Archuleta, and Boyd are DISMISSED without prejudice as moot;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claims against Defendants Ortega, Gonzales, Roark, and Robinson are DISMISSED without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii); and Defendants Ortega and Gonzales are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's § 1983 claim against Defendants Archuleta and Boyd for declaratory and/or injunctive relief are DISMISSED without prejudice as moot;

IT IS FURTHER ORDERED that Plaintiff's official-capacity § 1983 claims against Defendants Archuleta, Boyd, and Catanach for monetary damages are DISMISSED without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii);

9

IT IS FURTHER ORDERED that the Clerk of the Court is directed to mail notice and waiver of service forms, along with a copy of the original and amended complaints [Docs. 1, 5] and this Memorandum Opinion and Order to: (1) Defendant Catanach at the New Mexico Corrections Department Offender Management Services, P.O. Box 27116, Santa Fe, NM 87502-01106; (2) Defendant Roark at the New Mexico Corrections Department, P.O. Box 27116, Santa Fe, NM 87502-01106; (3) Defendant Robinson at 4337 NM 14, Santa Fe, NM 87508; (4) Defendant Archuleta at WNMCF, P.O. Drawer 250, Grants, NM 87020; and (5) Defendant Boyd at WNMCF, P.O. Drawer 250, Grants, NM 87020.

IT IS SO ORDERED.

_____

CHIEF UNITED STATES DISTRICT JUDGE